`1:16-bk-10740`

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

IN RE:  MICHAEL LEE TULLIS                                          NO:
        JULIE MICHELLE TULLIS                                     CHAPTER 13
        DEBTORS

<u>CHAPTER 13 PLAN</u>

*XX  Original        __ Amended*

*Dated:  February 23, 2016*

1. **Payments and Term.**
The debtor will pay the chapter 13 trustee <u>$206.00</u> <u>semi-monthly</u> (Husband's check), and <u>$350.00</u> <u>bi-weekly</u> (Wife's check) for <u>60</u> months by <u>wage order</u> and the following additional monies:

2. **Priority Claims (including administrative expenses).**
   (a) All administrative expenses under 11 U.S.C. §§503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of <u>$3,000.00</u>, less <u>$0.00</u> previously paid by the debtor(s).
   (b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. §507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim, but any unpaid claim under 11 U.S.C. §507(a)(2) shall be paid after administrative expenses under 11 U.S.C. §503(b).

3. **SECURED CLAIMS.**  The secured status and treatment per the plan and order of confirmation is subject to De Novo Review upon the request of any party in the Chapter 13 case within 90 days after the entry of the order for relief if the claim reflects an unperfected or otherwise objectionable lien or security interest.  If no objection is filed within the time stated the validity of the security interest and/or the perfected lien is established by confirmation and is binding on all parties.

   *(a) Cramdowns.*  The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security, capped by the filed claim, in the manner specified below; the trustee may increase payments to secured creditors to ensure timely amortization.  The portion of any allowed claims that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| **Chattanooga FECU** | **2010 Hyundai** | **In full** | **$128.00** | |
| **US Bank (2nd mortgage)** | | | **$61.00** | |
| **BCBSTCU** | **2005 Dodge** | **In full** | **$15.00** | |
| **Hamilton County Trustee** | | **In full** | **$90.00** | |

1:16-bk-10740

(b) *Surrender.* The Debtor will surrender the following.

| Creditor | Collateral to Be Surrendered |
|---|---|
| | |

*(c)  Long-Term Mortgages and Mobile Homes.* The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount of the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. §1322(b)(5) will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment, absent any objection. Amounts claimed pursuant to notice(s) of post-petition fees and expenses will be paid with first available funds, absent an objection. The filing of the notice of mortgage payment change or notice of post-petition fees or expenses shall be considered notice to the parties in interest of such plan payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor. The secured creditor must advise of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002.1. Pursuant to 11 U.S.C. §1322(b)(3) and (10) all maintenance payments shall be deemed current upon the conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to U.S.C. §1322(b)(5) . Pursuant to U.S.C. §1322(b)(3), any secured creditor that fails to file a claim waives any default or charges resulting from non-payment.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Maintenance Payments Begin: |
|---|---|---|---|---|---|
| **Vericrest Fi.** | **$5230.00** | | **$83.00** | **$683.00** | |

Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:

(1) To apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages. For the purposes of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(2) To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the prepetition default or defaults.

(3) To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

(4) To notify the Trustee, the Debtors, and the attorney for the Debtors in writing, in accordance with applicable law, of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages, and the effective date of any such adjustment or adjustments.

(5) To notify the Trustee, the Debtors, and the attorney for the Debtors in writing, in writing, in accordance with applicable law, of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments.

(6) **MODIFICATIONS.** The holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in section 3(c) of this plan shall adhere to and shall be governed by the following:

(A) Prepetition defaults. If the debtor pays the cure amount specified in section 3(c), or in such amount as may be established by the creditor's proof of claim, while timely making all required post-petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(B) Cost of collection. Cost of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case shall be claimed pursuant to section 3(c)(6)(B) above.

4. **Unsecured Claims.**
   (a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, nonpriority unsecured claims will be paid: **Pro-rata**

   (b) *Post-petition.* Claims allowed under 11 U.S.C. § 1305 are hereby provided for and will be paid pro rata, if funds are available, after the unsecured nonpriority claims in paragraph 4(a).

5. **Executory Contracts and Unexpired Leases.** All arbitration provisions with any creditor are executory in nature and are rejected. Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

   <u>Other Party to Contract</u>        <u>Property Description</u>        <u>Treatment</u>

6. **Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

/s/ Kenneth C. Rannick
Kenneth C. Rannick, #11106
Kenneth C. Rannick, P.C.
4416 Brainerd Road
Chattanooga, TN 37411
423/624-4002 telephone
423/624-0509 facsimile
rannick@lawyerchattanooga.com e-mail